## THOMAS HORRIGAN *vs.* ANSEL WRIGHT.

Neither the subsequent declarations nor the subsequent acts of one who has sold goods to another are competent evidence to defeat or impair the purchaser's title, on the ground that the sale was in fraud of creditors.

METCALF, J. The defendant is sued for taking goods which the plaintiff claims, and selling them on an execution against one Dillon. The plaintiff testified, at the trial, that he bought the goods of Dillon, before the defendant took them, and appointed Dillon his agent to keep the shop where they were and to sell them. The defendant denied that the plaintiff bought the goods as he had testified, and also put his defence on the further ground, that if the plaintiff bought them, the sale to him was fraudulent and void as against Dillon's creditors, on whose execution they were taken and sold. The jury found a verdict for the plaintiff, thereby finding a *bona fide* sale of the goods to him before the defendant took them. The defendant alleged exceptions to the exclusion by the judge of certain evidence,

and to his instruction to the jury concerning certain other evidence that was admitted.

The evidence, which the defendant offered, of the conversation between him and Dillon after the sale, but before the defendant had taken the goods, or even gained admission to the shop where they were, was properly excluded. It had no legal tendency to weaken the plaintiff's testimony, nor to prove that the sale of the goods, if made, was made in fraud of Dillon's creditors. It was irrelevant.

The jury were properly instructed that the evidence, which was given of Dillon's movements while the defendant was proceeding to take the goods, ought not to be considered as tending to show any fraudulent conduct of the plaintiff in the sale. This instruction was manifestly given, and must have been understood by the jury to have been given, on the hypothesis that they were satisfied that a sale of the goods had been made to the plaintiff before they were taken by the defendant. For unless they were satisfied of that fact, they must have found for the defendant.

Neither the declarations nor the conduct of Dillon, after he sold the goods to the plaintiff, were competent evidence to defeat or impair the plaintiff's title on the ground that the sale was in fraud of Dillon's creditors. *Bridge* v. *Eggleston,* 14 Mass. 250, 251. *Aldrich* v. *Earle,* 13 Gray, 578.

*Exceptions overruled.*

*H. B. Stevens,* for the defendant.

*M. B. Whitney,* for the plaintiff, was not called upon.